UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                  Chapter 11

BALLY TOTAL FITNESS OF
GREATER NEW YORK, INC., *et al*.                        Case No. 08-14818 (BRL)

                                    Debtors.            Jointly Administered
------------------------------------------------------------x
BALLY TOTAL FITNESS CORPORATION,

                                    Plaintiff,          Adv. Pro. No. 09-01350 (BRL)

                    v.

CONTRA COSTA RETAIL CENTER, LLC,

                                    Defendant.
------------------------------------------------------------x
APPEARANCES**:**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 715-9100
Facsimile:   (212) 715-8000
<u>By</u>:     Kenneth H. Eckstein
          P. Bradley O'Neill
          Jordan D. Kaye

*Attorneys for Bally Total Fitness Corporation*

KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:   (310) 788-4400
Facsimile:   (310) 788-4471
<u>By</u>:     Brian D. Huben
          Thomas J. Leanse
          Dustin P. Branch

-and-

575 Madison Avenue
New York, NY 10002
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8776
<u>By</u>:     Mathew W. Olsen
            Adrienne W. Blankley
            Merritt A. Pardini
            Heather Elizabeth Allen

*Attorneys for SyWest Development*


<u>Before</u>: Hon. Burton R. Lifland
           United States Bankruptcy Judge

## BENCH MEMORANDUM DECISION AND ORDER GRANTING SYWEST DEVELOPMENT'S MOTION FOR ABSTENTION AND MOOTING MOTION TO DISMISS

Before the Court are two motions (the "Motions") of SyWest Development ("SyWest"), in its capacity as asset manager for Contra Costa Retail Center, LLC ("CCRC"), the defendant in the above-referenced adversary proceeding (the "Adversary Proceeding"), requesting that the Court (i) permissively abstain from hearing the Adversary Proceeding pursuant to, *inter alia*, 28 U.S.C. §1334(c)(1) and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 5011 (the "Motion to Abstain"), and (ii) dismiss the Adversary Proceeding pursuant to Bankruptcy Rule 7012 (the "Motion to Dismiss").   Upon consideration of the parties' submissions and oral arguments, the Motion to Abstain is GRANTED, rendering the Motion to Dismiss moot. Accordingly, this Court need not reach the merits of the Motion to Dismiss.

The main contention between the parties is whether a certain lease of Bally Total Fitness Corporation ("Bally") terminated prepetition under California law and may no longer be assumed.   A California trial court found that Bally breached and must forfeit the lease; the decision was upheld on appeal.   Bally, no longer able to contest its breach, commenced the Adversary Proceeding before this Court, seeking application of a California anti-forfeiture statute

1

that prevents forfeiture of a breached lease in "case of hardship."

While Bally's Adversary Proceeding may be considered by this Court, its resolution is more appropriate for the California state court. <u>First</u>, the Adversary Proceeding is merely an offshoot of the California state court proceeding involving the same parties, lease, and premises, all present in California. <u>Second</u>, as the Adversary Proceeding is essentially an equitable appeal of the California state court's decision, notions of comity suggest that the California state court, itself, should decide it. <u>Third</u>, as this Court has already ordered that the lease be assumed pending resolution of the litigation in California, the instant dispute solely involves state law issues. <u>Finally</u>, as Bally's chapter 11 plan has gone effective, resolution of the Adversary Proceeding will not greatly impact administration of the bankruptcy estate. In light of the aforementioned considerations, this Court will use its discretion and permissively abstain from adjudicating the pending Adversary Proceeding.

## <u>BACKGROUND</u>

### a. Factual History

In 1998, Bally leased real property (the "Lease") located at 2316 Monument Boulevard, Pleasant Hill, California (the "Premises") for a period of 15 years plus two five-year lessee options. Through a series of transfers, CCRC became the owner of the Premises and lessor of the Lease. In June 2007, CCRC sent notice to Bally terminating the Lease, alleging that Bally was in breach by participating in a financing transaction that resulted in a reduction of Bally's net worth by more than 25 percent. Following a statutorily required three-day notice period, on July 3, 2007, CCRC commenced an action (the "Unlawful Detainer Action") against Bally in the Superior Court of the State of California, County of Contra Costa (the "California State Court"), seeking, among other things, restitution of the Premises and a declaration that the Lease had been forfeited and terminated. Compl., ¶¶ 45-46.

2

On July 31, 2007, Bally and affiliated entities (the "Debtors") commenced petitions for bankruptcy relief that were jointly administered ("Bally I") (Case No. 07-12395 (BRL)).  After the plan filed by Bally called for the assumption of the Lease, Sywest objected, arguing that the Lease terminated prepetition and could not be assumed.  To facilitate a prompt confirmation, the parties agreed that nothing in the assumption of the Lease or the confirmation of the plan was intended to have any effect on the pending litigation in California State Court.  On September 17, 2007, this Court entered a confirmation order that specifically preserved all rights of Bally and non-debtor parties to pursue pending litigation.  As a result of the plan going effective, the automatic stay—which had prevented the California State Court from adjudicating the Unlawful Detainer Action—expired and the Unlawful Detainer Action resumed.

On December 3, 2008, before the California State Court issued a decision, Bally and its affiliates again filed for bankruptcy ("Bally II") (Case No. 08-14818 (BRL)).  On January 16, 2009, this Court modified the stay (the "Lift Stay Order")[1] to allow the entry of a judgment in the Unlawful Detainer Action through final judgment, including any appeals.  The Lift Stay Order, however, limited the relief to the entry of a judgment, and stated that CCRC and Bally "*will not seek to make any motion before the California state court for costs, fees or similar relief as a 'prevailing party' except upon further order of this Court*."  *Id.* at p. 2 (emphasis added).  On April 2, 2009, the California State Court entered an amended statement of decision and judgment in favor of CCRC (the "State Court Decision"), and on December 22, 2010, the California Court of Appeals upheld the decision.

On June 15, 2009, Bally moved to assume the Lease pursuant to section 365 of the Bankruptcy Code.  CCRC objected once again, arguing that the Lease could not be assumed

---

[1] Order Pursuant To 11 U.S.C. § 362(d) Modifying The Automatic Stay To Enable Contra Costa County Retail Center, LLC To Conclude Unlawful Detainer Action (Case No. 08-14818 (BRL), Dkt. No. 442).

because it had terminated prepetition pursuant to the State Court Decision.  Bally countered that state anti-forfeiture provisions, such as section 1179 of the California Code of Civil Procedure ("California Section 1179"), can relieve a tenant from forfeiture and allow assumption, notwithstanding that the Lease had been terminated prepetition.  Compl., ¶¶ 65-66.  In response, this Court ordered (the "Assumption Order")[2] that the Lease shall be assumed subject to final resolution of the Unlawful Detainer Action and any action commenced by the Bally seeking relief pursuant to California Section 1179 (together, the "Final Resolution").

On August 19, 2009, this Court entered an order (the "Confirmation Order")[3] confirming the Debtors' plan of reorganization, specifically noting that "[n]othing in this Order shall moot, adversely affect or otherwise be determinative" of the Final Resolution of the Lease, the Lift Stay Order, or the Assumption Order.  The Debtors' plan went effective on September 1, 2009.

### b. CCRC's Proof of Claim and the Instant Adversary Proceeding

CCRC filed a proof of claim (the "Proof of Claim") on March 6, 2009, asserting claims totaling $35,949.  Compl., ¶ 10.  Specifically, CCRC asserts administrative claims of $11,486.57 for prorated insurance, prorated real estate taxes, and attorneys' fees related to the Lease, with the remainder being a general unsecured claim for prorated insurance and real estate taxes. Compl., ¶¶ 17-18.

In response to the Proof of Claim, Bally initiated the Adversary Proceeding, arguing that the amounts claimed were included in prior invoices that have been paid in full by Bally. Compl., ¶¶ 19-24.  Bally also counterclaims for relief from forfeiture under California Section 1179 (the "Anti-Forfeiture Claim"), which allows a court to relieve a tenant from forfeiture "in

---

[2] Third Omnibus Order Granting Motion Of Debtors For An Order Pursuant To Section 365 Of The Bankruptcy Code, Authorizing Them To Assume Certain Of Their Unexpired Leases Of Nonresidential Real Property (Case No. 08-14818 (BRL), Dkt. No. 1182), at p. 3.

[3] Order Granting and Approving Motion Confirming Second Amended Joint Plan of Reorganization of Debtors Under Chapter 11 of the Bankruptcy Code (Case No. 08-14818 (BRL), Dkt. No. 1408).

case of hardship." Bally explains that unless relief from forfeiture is granted, it will suffer tremendous hardship because it will lose one of its best performing fitness centers, as well as the value of the approximately $2.5 million it spent improving the Premises. Compl., ¶¶ 73-74.

SyWest moves this Court to permissively abstain from hearing the Anti-Forfeiture Claim because California State Court is a more appropriate forum to decide the state-law action, and moves to dismiss Bally's complaint arguing, *inter alia*, that this Court lacks subject matter jurisdiction and the doctrine of *res judicata* bars this Court from reconsidering termination of the Lease.

Additionally, "out of an abundance of caution," CCRC requests clarification from this Court as to whether it may seek fees and costs totaling $370,020.24[4] (the "Attorneys' Fees") as a prevailing party in the Unlawful Detainer Action. Mot. for Abstention,[5] ¶ 44. Bally argues that CCRC's Attorneys' Fees are prepetition claims arising out of prepetition events that were not included in the Proof of Claim, and as such, were discharged pursuant to the plan. Opp. to Abstention, pp. 16-19. CCRC counters that its right to recover the Attorneys' Fees is protected by the Confirmation Order. Moreover, the Lift Stay Order, which specifically stayed CCRC's ability to seek such expenses, no longer applies postconfirmation. Finally, CCRC argues that its failure to include the Attorneys' Fees in the Proof of Claim does not bar its right to such fees and costs because the Proof of Claim was filed prior to the issuance of the State Court Decision in favor of CCRC. Once CCRC's entitlement to fees became apparent, they were included in CCRC's objection to the Debtors' assumption motion.

---

[4] *See* Objection to Sywest Development's Motion for Abstention (Adv. Pro. No. 09-1350 (BRL), Dkt. No. 15), p. 16 n.9 [hereinafter "Opp. to Abstention"].

[5] Sywest Development's Motion For Abstention (Adv. Pro. No. 09-1350 (BRL), Dkt. No. 12).

## DISCUSSION

Even if the Anti-Forfeiture Claim falls under the core jurisdiction of this Court,[6] good cause exists for this Court to permissively abstain and allow the California State Court to adjudicate it.  A court may, "in the interest of justice, or in the interest of comity," abstain from hearing a particular proceeding "arising in or related to a case under title 11."  28 U.S.C. § 1334(c)(1).  This section "codifies the permissive abstention doctrine and demonstrates the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case."  *Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 281 B.R. 182, 190 (S.D.N.Y. 2002); *see also Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 232 (2d Cir. 2002) ("Permissive abstention from core proceedings under 28 U.S.C. § 1334(c)(1) is left to the bankruptcy court's discretion.").  While a federal court possesses a "virtually unflagging obligation . . . to exercise the jurisdiction given to it by Congress," the statute of permissive abstention understands that resolution of some matters is more appropriate in a state court.  *In re New York City Off-Track Betting Corp.*, 434 B.R. 131, 149 (Bankr. S.D.N.Y. 2010) (citations omitted).

When deciding whether to exercise discretion to permissively abstain from hearing a matter, bankruptcy courts generally consider one or more, though not necessarily all, of the following twelve factors: (1) the effect of abstention on the efficient administration of the estate; (2) the extent to which state law issues predominate; (3) the difficult nature of the applicable state law; (4) the presence of a related proceeding commenced in state court; (5) whether there is

---

[6] The parties strongly dispute whether the instant Adversary Proceeding is core or non-core.  However, as permissive abstention applies to both core and non-core matters, with the nexus between the bankruptcy case and the proceeding before the court among the factors considered in the abstention analysis, the Court need not address this matter.

6

a basis for federal jurisdiction apart from the debtor's bankruptcy filing; (6) the degree of relatedness of a proceeding to the main bankruptcy case; (7) the substance, rather than form, of the asserted "core" proceeding; (8) the feasibility of severing state law claims; (9) the burden on the court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of non-debtor parties. *Id.* at 147 (Bankr. S.D.N.Y. 2010) (citing *In re Ephedra Prods. Liab. Litig.*, No. 04-MD-1598 (JSR), 2010 WL 882988, at *2 n.2 (S.D.N.Y. Mar. 8, 2010)).

In the instant case, application of these factors greatly favors this Court abstaining from adjudicating the Anti-Forfeiture Claim, especially factors 1, 2, 4, 6 and 8.

### Effect of abstention on efficient administration of estate (Factor # 1)

The first relevant factor is the effect that abstention would have on the efficient administration of the estate. Here, the Court's abstention would not amount to abdication of a critical role in the administration of the estate. Bally argues that the Premises is one of its most profitable centers and assumption of the Lease is important to its rehabilitation. However, this factor looks at the effect on *administration* of the bankruptcy estate, and not at the overall effect on the financial condition of the debtor. *See Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 572 (Bankr. N.D. Cal. 2008).[7] Thus, while the potential loss of a profitable location may have a negative economic effect on Bally, it will not impact the administration of Bally's bankruptcy estate. Particularly after the plan has been confirmed and the Lease has been

---

[7] This case is a prior decision concerning the Unlawful Detainer Action where Judge Tchaikovsky analyzed permissive abstention as part of a motion to remand the action to state court after Bally I. Although that case discussed remand of an action that had begun in state court prior to bankruptcy, and the instant Motions involve a matter that was never before the state court, the issues between the cases are still substantially similar: whether to abstain from hearing an action that is based solely on state law, especially when the action occurs postconfirmation.

assumed subject to the Final Resolution, the Anti-Forfeiture Claim does not greatly impact estate administration. *See id.* ("To the contrary, after confirmation, strictly speaking, there is no further bankruptcy estate."). Accordingly, the Court finds that this factor weighs in favor of abstention.

### Extent to which state law issues predominate (Factor # 2)

A second relevant factor is the extent to which state law issues predominate over bankruptcy issues with regard to the Anti-Forfeiture Claim. Here, the parties agree that all of the issues in the claim for relief under California Section 1179 are issues of state law. The action will consider equitable relief under a California statute regarding a California lease and will not be governed by any bankruptcy law. Accordingly, this factor also weighs in favor of abstention.

### Presence of a related proceeding commenced in a state court (Factor # 4)

A third relevant factor is whether there is a related proceeding in a state court or other non-bankruptcy forum. Here, the Unlawful Detainer Action qualifies as a related proceeding in state court.

Bally argues that the Unlawful Detainer Action is not related to the Anti-Forfeiture Claim because each focuses on distinct issues—the Unlawful Detainer Action on the legal issue of breach, and the Anti-Forfeiture Claim on the equitable issues. Bally explains that in California, unlawful detainer actions are summary proceedings intended to allow a landlord to expeditiously recover property upon the termination of a tenancy. *See Nork v. Pacific Coast Med. Enters., Inc.,* 140 Cal. Rptr. 734, 735 (Cal. Ct. App. 1977). To this end, a court's determination is limited to whether the lease was breached. Issues extrinsic to the right of possession, including hardship defenses, cannot be raised. *See Superior Motels, Inc. v. Rinn Motor Hotels, Inc.*, 241 Cal. Rptr. 487, 505-06 (Cal. Ct. App. 1987) ("[S]ince the sole issue before the court is the right to possession, neither a counterclaim nor a cross-complaint, nor affirmative defenses, are admissible in an action in unlawful detainer . . . .") (citations omitted). Such defenses are

8

reserved for California Section 1179 proceedings. *See Cambridge v. Webb*, 244 P.2d 505, 506 (Cal. Ct. App. 1952) (upholding trial court's refusal to allow hardship defense in unlawful detainer action because proper procedure is through anti-forfeiture action). In fact, Bally asserts that in the Unlawful Detainer Action the California State Court sustained objections to evidence supporting a hardship defense. Bally Opp. to MTD,[8] ¶ 34.

However, despite the different focuses of these actions, both actions are part of the same California lease termination process and are therefore related for purposes of abstention from the Anti-Forfeiture Claim. The nature of the breach, an issue decided in the Unlawful Detainer Action, is relevant to the anti-forfeiture analysis. *See Thrifty Oil Co. v. Batarse*, 174 Cal. App. 3d 770, 778 (Cal. Ct. App. 1985) (noting that "the nature and character of the breach" is relevant to an anti-forfeiture action). Further, an anti-forfeiture action is the equitable component of an unlawful detainer action; in essence, it is an equitable appeal of forfeiture. *See Wilson v. Bill Barry Enters., Inc.*, 822 F.2d 859, 861 (9th Cir. 1987) ("The statutory authorization for relief from forfeiture is part of the unlawful detainer statutes. Section 1174 allows the landlord to seek forfeiture of the lease; section 1179 gives the tenant the right to seek relief from forfeiture in the case of hardship.") (quotations and citations omitted). Moreover, permissive abstention, at its core, is concerned with promoting comity with state courts, and analysis under this factor does not require a tight nexus between the Adversary Proceeding and the prior state proceeding. Here, the California State Court decided that Bally breached the Lease and must forfeit the Premises. Notions of comity dictate that a California state court should determine whether that decision is equitable, or whether a hardship exception applies.

Finally, even if the Unlawful Detainer Action does not constitute a related proceeding,

---

[8] Bally Total Fitness Corporation's Objection to Sywest Development's Motion to Dismiss (Adv. Pro. No. 09-1350 (BRL), Dkt. No. 31).

the availability of an adequate remedy in an appropriate forum satisfies this factor and favors abstention. *See In re CPW Acquisition Corp.*, No. 08–14623 (AJG), 2011 WL 830556, at *8 (Bankr. S.D.N.Y. Mar. 3, 2011). As Bally's ability to seek relief from forfeiture in California State Court is not contested, this factor also favors abstention.

### *Degree of relatedness or remoteness of proceeding to main bankruptcy case (Factor # 6)*

A fourth relevant factor is the extent to which this action is related to the main bankruptcy case. Bally argues that California anti-forfeiture law is directly related to Bally's ability to assume the Lease and, therefore, directly related to the main bankruptcy case. However, "[t]he fact that the plan could be confirmed without resolving the dispute makes it clear that the issue presented by this dispute is not closely related to Bally's bankruptcy case." *See Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 573 (Bankr. N.D. Cal. 2008). Accordingly, this factor weighs in favor of abstention.

### *Feasibility of severing state law claims (Factor # 8)*

A fifth relevant factor is whether the state law claims asserted may be severed from the core bankruptcy matters, so that judgment may be entered in state court with enforcement to be carried out in this forum. Here, it is feasible and appropriate to sever the state law claims from core bankruptcy matters. In fact, this Court has, in essence, severed the bankruptcy matters by ordering the Lease assumed pending the Final Resolution. Accordingly, this factor also weighs in favor of abstention.

For the foregoing reasons, the Court finds that the relevant factors weigh heavily in favor of this Court's exercising its discretion to abstain from adjudicating the Anti-Forfeiture Claim. While this Court is mindful of the merits of Bally's argument that forfeiture is inequitable because Bally has never missed a rent payment and breach of the Lease was merely technical, non-monetary, and has since been cured, the California State Court is nevertheless the more

10

appropriate forum to decide this matter.  At bottom, the chapter 11 case has already been confirmed, and the resolution of the Anti-Forfeiture Claim will not threaten the efficient administration of the estate, especially since this Court has ordered the Lease assumed subject to the Final Resolution.  What remains is a proceeding pursuant to a California statute, involving solely state law issues, that, in essence, equitably reviews a prior California court decision, and as such, this matter is more appropriately left to the California State Court.  Accordingly, the Court hereby grants Sywest's Motion to Abstain.  As the Anti-Forfeiture Claim will not be adjudicated by this Court, there is no need to reach the merits of the Motion to Dismiss.

Finally, this Court maintains jurisdiction over the dispute concerning CCRC's ability to collect the Attorneys' Fees pursuant to explicit language in the Lift Stay Order preventing CCRC from moving for such expenses "except upon further order of this Court," Lift Stay Order, p. 2. Consequently, as Bally's objections to the Proof of Claim and the Attorneys' Fees are the only matters remaining before this Court, the Adversary Proceeding is no longer necessary.  The remaining disputes shall be resolved in accordance with the pending claims adjudication process of this Court.

## <u>CONCLUSION</u>

In light of the foregoing, Sywest's Motion to Abstain is hereby GRANTED, and the Court need not reach the merits of the Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: New York, New York
          May 24, 2011

                                        /s/ Burton R. Lifland
                                        United States Bankruptcy Judge